520 So.2d 792 (1987)
Ora Jean JINKS, et vir., Plaintiffs-Appellees,
v.
Roger D. WRIGHT, et al., Defendants-Appellants.
No. 86-960.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
*793 Russell T. Tritico, Lake Charles, for plaintiffs-appellees.
Dara A. Loetzerich, Harvey, and Adams & Reese, Mark C. Surprenant and Michael D. Carbo, New Orleans, defendants-appellants.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
LABORDE, Judge.
The sole issue presented by this appeal is whether the trial court correctly granted plaintiffs' motion for a judgment notwithstanding the verdict on the issue of quantum. Finding that reasonable persons could differ on the amount of damages suffered by Mrs. Jinks, we reverse the trial court's judgment and reinstate the verdict of the jury; however, the trial court's judgment N.O.V. which awarded consortium damages to Mr. Jinks is affirmed.

FACTS
Ora Jean Jinks, plaintiff, was driving North on Highway 27 in Calcasieu Parish on the afternoon of May 14, 1985 when Roger D. Wright, defendant, crossed the centerline and veered toward Mrs. Jinks. In order to avoid a head-on collision, Mrs. Jinks steered her car sharply off the road, through a ditch and into a fence. No contact was made with Mr. Wright's truck, but Mrs. Jinks was left injured by the careen.
Mrs. Jinks and her husband, Mr. Elvin Jinks, brought suit against Mr. Wright and his liability insurer, Colony Insurance Company, for damages resulting from the accident. After finding the sole cause of the accident attributable to Mr. Wright, the jury returned a verdict in favor of Mrs. Jinks in the following amounts:

Physical pain and suffering $25,000.00
Future pain and suffering 5,000.00
Past mental anguish 5,000.00
Future mental anguish - 0 -
Disability 1,000.00
Medical expenses 26,000.00
 __________
Total $62,000.00

The jury found that Mr. Jinks suffered no loss of consortium with his wife as a result of the incident.
Thereafter, plaintiffs moved for a judgment notwithstanding the verdict. The trial court granted the motion and increased the award to plaintiffs as follows:

ORA JEAN JINKS:
Physical pain and suffering $ 25,000.00
Future pain and suffering 25,000.00
Past mental anguish 5,000.00
Future mental anguish 5,000.00
Disability 25,000.00
Medical expenses 25,695.01
 ___________
 TOTAL $110,695.01
ELVIN JINKS:
Loss of consortium $ 5,000.00

Defendants appeal the judgment of the trial court asserting that the judgment N.O.V. was improper and, in the alternative, that if the judgment N.O.V. was warranted, *794 that the increased awards are excessive.

JUDGMENT NON OBSTANTE VEREDICTO
When there is a jury, it is the trier of fact. La.C.C.P. art. 1736;[1]Scott v. Hospital Service District Number 1 of the Parish of St. Charles, 496 So.2d 270 (La.1986). The trial court granted the judgment N.O. V. on the issue of damages as provided for in La.C.C.P. art. 1811 F.[2] This abrogated the jury's role; so we must inspect the action with care.
La.C.C.P. art. 1811 does not specify the grounds on which the trial judge may set aside a jury verdict, but the jurisprudential criterion is well settled. A judgment N.O. V. may only be granted when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict on the facts at issue. Alumbaugh v. Montgomery Ward & Company, Inc., 492 So.2d 545 (La.App. 3d Cir.), writ denied, 495 So.2d 304 (La.1986); Rougeau v. Commercial Union Insurance Company, 432 So.2d 1162 (La.App.3d Cir.), writ denied, 437 So.2d 1149 (La.1983). Further, the trial court may not weigh the evidence, pass on the credibility of the witnesses, or substitute its reasonable inferences of the facts for those of the jury. Id. at 1166. As a reviewing court, we must determine whether the trial judge's judgment N.O.V. was manifestly erroneous. Robertson v. Penn, 472 So.2d 927 (La.App. 1st Cir.), writ denied, 476 So.2d 353 (La.1985).

QUANTUM
We begin by pointing out that the jury and trial court's awards for physical pain and suffering were equal, $25,000.00. This amount, while low in range of appropriate awards, considering the number of operations plaintiffs endured, is not in dispute. Similarly, the award for past mental anguish, $5,000.00, is beyond dispute. The parties stipulated to plaintiff's medical expenses, $25,695.01. There was no error in the jury's rounding the award to $26,000.00.
The trial court raised the award for future mental anguish from zero ($0.00) to $5,000.00. Plaintiff did not address the issue at trial nor did she offer expert testimony to establish her claim. The trial court's award must fall as our review of the record failed to uncover an iota of evidence to support the finding.
In its written reasons for judgment, the trial court stated that it was convinced that some of the jury awards were "inadequate." This obviously included the jury awards for future pain and suffering, and disability. Plaintiff's award for future pain and suffering was raised from $5,000.00 to $25,000.00 by the trial court. The award for disability was raised from $1,000.00 to $25,000.00. We find that the expert medical testimony could in no manner be described as "overwhelmingly in favor of the moving party," plaintiff.
Dr. Lynn Foret treated plaintiff for injuries received as a result of the accident. Plaintiff complained of a twisted right knee, and pain in her neck and lower back. Plaintiff underwent successful arthroscopic surgery to the knee. Plaintiff endured chemonucleolysis in an attempt to have the disc at L5-S1 shrink to alleviate pressure on the nerve root. After initial good results, plaintiff again complained of pain in the lower back. On July 15, 1985, Dr. Foret performed a laminectomy discectomy at L5-S1 with excellent results. As Dr. Foret testified:
"Mrs. Jinks had a very good recovery from that. Her leg pain improved. Her *795 back pain improved. I'll get my clinic notes. (Witness reviews file.) In August and October of that year, to follow up, still some mild incision tenderness where the incision was in August, the first of August and the end of August, but then on October 11th, '85, I note that she has minimal tenderness. She's got excellent range of motion. She's got no complaints. She states she is free of both back and leg pain. That was October 11th, '85. December 6th, for her last followup, again, full range of motion to the lower back area. No complaints of leg or back pain at this time. Was discharged to full activities."
Dr. Foret also explained that as a result of the laminectomy discectomy, plaintiff is a candidate for degenerative arthritis at some later date. The ailment could be mild or severe or might not become manifest at all. Dr. Foret assigned a 10% residual disability to account for the risk of future arthritis. Dr. Foret noted that plaintiff's initial good response indicates an optimistic prognosis.
Defendants offered the testimony of Dr. Edmond C. Campbell. Briefly put, after reviewing his clinical findings, Dr. Campbell stated that his physical examination of plaintiff "revealed no objective evidence of significant impairment with respect to the low back or lower extremities." Dr. Campbell also assigned a permanent partial impairment of 10% of the body due to the loss of disc material making her a candidate for future arthritis.
After evaluating the medical evidence, the jury could reasonably find that plaintiff enjoyed an excellent chance of resuming a normal life. The modest award reflects the jury's rational belief that plaintiff's future will be pain free. The trial court's decision to weigh and evaluate the testimony differently was manifestly erroneous. The jury's award for future pain and suffering, and disability is therefore reinstated.
Finally, the jury refused to award Mr. Elvin Jinks damages for loss of consortium. The trial court granted $5,000.00 to Mr. Jinks for his loss of consortium. The evidence supporting Mr. Jinks' damages points so strongly and overwhelmingly in his favor that reasonable persons could not arrive at a contrary verdict.
Loss of consortium includes such pecuniary elements as loss of services and such nonpecuniary components as love, companionship, affection, society, sexual relations, comfort, and solace. Cruz v. Hendy International Company, 638 F.2d 719 (5th Cir.1981). Both Mr. and Mrs. Jinks testified that Mrs. Jinks was unable to perform services for several months following the accident. Mr. Jinks, who had been disabled from work for four (4) years at the time of the trial, relied on Mrs. Jinks to do the housework and yard work. Further, Mrs. Jinks could not assist Mr. Jinks in his fishing operation. Without going into detail, Mr. Jinks admitted that Mrs. Jinks' injury had hurt his sex life.
Considering the evidence, the trial court's award of $5,000.00 for Mr. Jinks' loss of consortium was proper.
For the above and foregoing reasons, the trial court's judgment N.O.V. relating to Mrs. Jinks' damages is reversed; the jury's award is reinstated. The trial court's judgment N.O.V. relating to Mr. Jinks damages is affirmed. Costs of this appeal are taxed equally to plaintiffs and defendants.
AFFIRMED IN PART, REVERSED IN PART, and RENDERED.
NOTES
[1] La.C.C.P. art. 1736 provides:

"The trial of all issues for which a jury trial has been requested shall be by jury, unless the parties stipulate that the jury trial shall be as to certain issues only or unless the right to trial by jury as to certain issues does not exist; however, except as otherwise provided under the provisions of Article 1562, there shall be but one trial."
[2] La.C.C.P. art. 1811 F provides:

"F. The motion for a judgment notwithstanding the verdict may be granted on the issue of liability or on the issue of damages or on both issues."