GUIDRY, Judge.
Plaintiffs, Spencer and Arlene Mallett, seek damages and reversal of a verdict finding defendant, State Farm Insurance Company, free from liability for an alleged slip and fall on the property of their insured, Ebony Beauty Salon.
On the evening of July 14, 1985, Arlene Mallett was leaving Ebony Beauty Salon, co-owned by her sister, Mary Wood, and niece, Ada Wood, when she allegedly tripped and fell on the sidewalk suffering injury. Plaintiff contends her fall was caused by a substandard defective sidewalk and by the negligence of Ada Wood who called to her as she was leaving. Plaintiffs sued State Farm Insurance Company as the insurer of Ebony Beauty Salon. The jury returned a verdict in favor of the defendant. Plaintiff motioned for a JNOY and/or a new trial which was denied. Plaintiffs appeal urging that the trial court misapplied the standard for JNOY and that the jury’s verdict was manifestly erroneous and contrary to the law and evidence. We affirm.
In Jinks v. Wright, 520 So.2d 792, 794 (La.App. 3rd Cir.1987), we summarized the standard for JNOV as follows:
“La.C.C.P. art. 1811 does not specify the grounds on which the trial judge may set aside a jury verdict, but the jurisprudential criterion is well settled. A judgment N.O.V. may only be granted when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict on the facts at issue. Alumbaugh v. Montgomery Ward & Company, Inc., 492 So.2d 545 (La.App. 3d Cir.), writ denied, 495 So.2d 304 (La.1986); Rougeau v. Commercial Union Insurance Company, 432 So.2d 1162 (La.App. 3d Cir.), writ denied, 437 So.2d 1149 (La.1983). Further, the trial court may not weigh the evidence, pass on the credibility of the witnesses, or substitute its reasonable inferences of the facts for those of the jury. Id. at 1166.”
Plaintiffs assert that this standard was misapplied by the trial judge. They argue that there were no genuine issues of material fact for the jury to decide and that the evidence showed defendants liable as a matter of law. In written reasons for the denial of the JNOV, the trial judge said that he could not “hold that the evidence points so strongly and overwhelmingly in favor.of Spencer and Arlene Mallett that reasonable men could not arrive at a contrary verdict. There is ample evidence to support the conclusions of the jury”. We agree.
In finding no liability on the part of the defendant, the jury decided either that the alleged defect in the sidewalk was not the cause of the accident or that the sidewalk was not unreasonably dangerous and defendant’s insureds were not otherwise negligent. In deciding that the sidewalk was not the cause of the accident, the jury could have reasonably concluded that Mrs. Mal-lett fell without slipping or tripping. Plaintiff’s neurosurgeon, Dr. William Foster, called by defendant to testify, stated that Arlene Mallett suffered from an unstable back and a paresthesia condition in her leg. Paresthesia is a condition which causes numbness and a pins-and-needles sensation and when it manifests itself in the leg, it results in an unstable walk and ambulation problems since the person loses the appropriate perceptions as to positions of the leg *1105 and foot. He also testified that Mrs. Mal-lett told him that on numerous occasions her leg had given way and that she had fallen before.
The jury could also have reasonably determined that Mrs. Mallett fell because she was inattentive and in a hurry and not because Ada Wood called to her as she left. Mrs. Mallett testified that she was late for a church meeting and was aware that it had rained while she was in the beauty shop. She stated that she fell when she turned toward her niece on the wet sidewalk that had grass cuttings on it. Although Mrs. Mallett stated that she was not inattentive nor walking fast, the jury could have found otherwise. The jury apparently concluded that Mrs. Mallett fell as a result of her own negligence. Not only do we find such determination reasonable, we do not find, as a matter of law, that individuals have a duty not to communicate with others while they are walking on a sidewalk.
Plaintiffs argue that, according to Zeagler v. Dillard Dept. Stores, Inc., 521 So.2d 766 (La.App. 2d Cir.1988), they were entitled to a JNOV since plaintiff was the only witness to testify about the accident and there is no evidence of any carelessness on her part. Plaintiffs’ reliance on Zeagler is misplaced. In Zeagler, the jury found comparative fault on the part of the plaintiff. In granting the JNOV, the trial court absolved the plaintiff from any percentage of fault. The Second Circuit affirmed stating that there was no evidence to support fault on the part of plaintiff. In Zeagler, only the plaintiff testified as to the accident and there was no evidence that she was negligent. Unlike Zeagler, as previously stated, in this case there is evidence from which the jury could have reasonably concluded that Mrs. Mallett was in fact careless and inattentive or that she fell as a result of the instability of her back and legs.
Finally, the jury could have reasonably determined that a wet sidewalk with splotches of exposed aggregate and freshly mown grass cuttings does not constitute an unreasonably dangerous sidewalk. All experts testified that exposed aggregate in poured concrete is not uncommon. While all experts agreed that grass and water on a sidewalk will make it slicker, only plaintiffs’ expert, Junius Champeaux II, found defendants’ sidewalk to be “unsafe” for this reason. All experts agreed that for some projects exposed aggregate in a concrete surface is deliberately laid for its decorative effect and for safety. Such a surface is often found around swimming pools where the concrete is frequently wet. Based on the testimony at trial and the numerous photographs introduced in evidence, the jury could have reasonably determined that the, Ebony Beauty Salon sidewalk was not unreasonably dangerous. As the court stated in Deblois v. Republic/Vanguard Ins. Co., 537 So.2d 844 (La.App. 5th Cir.1989), writ denied, 540 So.2d 331 (La.1989):
“Defects in sidewalks that are not in the nature of traps, or from which danger cannot reasonably be anticipated, provide no actionable negligence. Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. Further, he is not required to constantly observe the surface of the walk or to exercise the care that would be necessary in traversing a jungle. However, he cannot be completely oblivious of its condition; he must exercise ordinary care when using it, having in mind the well[-]recognized fact that throughout every city of any size in this state there exists irregularities in the walkways brought about by natural causes such as rains, expansion, soil erosion and tree roots.
For determining what is a dangerous defect in a sidewalk (that which renders the municipality responsible in damages to a pedestrian injured as a consequence thereof) there is no fixed rule; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question of whether or not the walk was maintained in a reasonable [sic] safe condition for persons exercising ordinary care and prudence.”
*1106 For these reasons, we do not find error in the trial court’s denial of the JNOV or in the jury’s verdict absolving defendant of responsibility. The judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.