599 So.2d 394 (1992)
Gregory CLAYTON
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT.
No. 91-CA-668.
Court of Appeal of Louisiana, Fifth Circuit.
April 28, 1992.
Leon C. Vial, III, Hahnville, for plaintiff/appellee.
Ronald J. Bertrand, Rayne, for defendant/appellant.
Before BOWES, GRISBAUM and WICKER, JJ.
BOWES, Judge.
Defendant, State of Louisiana, Department of Transportation and Development (hereinafter "DOTD") appeals a ruling of the trial court granting a Judgment Notwithstanding the Verdict in favor of plaintiff (J.N.O.V.), Gregory Clayton, and assessing damages against the DOTD of $749,231.60 and attorney fees of $75,000.00. We reverse.

FACTS
In the late 1970's, the DOTD began consideration of a project to widen Highway 90 in the town of Boutte, Louisiana. A feasibility study was conducted at that time, and was later upgraded in 1983 by NY Associates. The project was never formally designed and there were no construction plans drawn. In addition, no expropriation proceedings were initiated by the DOTD. However, as word of the project "leaked out" to the public, several landowners approached the State and requested that their property be purchasedand DOTD did make some amicable purchases pursuant to these requests.
*395 On March 25, 1983, DOTD sent a letter to the president of St. Charles, requesting that the parish refuse to issue any building permits on land adjacent to Highway 90, for a depth of 130 feet.
Several months later Clayton and his partner purchased two vacant pieces of property adjacent to Highway 90, known as the Lakewood tract and the Coronado tract. Clayton testified that, at the time of the purchase, he was aware of the preliminary study for the purpose of widening Highway 90 and he was also aware that several other landowners of property adjacent to Highway 90 had already developed property and had cautiously observed the probability that the highway would be widened by not placing any improvements within 130 feet back from the right of way of the existing highway.
In 1984, Clayton applied for and was refused a building permit for the 130 foot strip adjacent to Highway 90. Clayton then filed a mandamus suit against the parish and received a court order which required the parish to issue the requested permits.
However, Clayton did not build on the 130 feet, instead he constructed improvements on the Lakewood tract behind the 130 foot line. In contrast, the Coronado tract remains undeveloped.
Plaintiff filed this suit in 1988, alleging that the state had, by its actions, appropriated the 130 foot strip along Highway 90 in both the Lakewood and Coronado tracts. A three day trial by jury was conducted in August of 1989. At the close of trial, special interrogatories were propounded to the jury, and they stated their findings as follows:
1. Did the State through its actions, formal or otherwise, take or damage any property owned by the plaintiffs?
YES___ NO X
(If your answer is no, stop and go no further. If your answer is yes, proceed to the following questions).
Accordingly, the trial court rendered judgment for DOTD and against plaintiff, dismissing his suit.[1]
On October 13, 1989, plaintiff filed a motion for Judgment Notwithstanding the Verdict and a motion for New Trial. On February 22, 1991, the trial court granted plaintiff's judgment notwithstanding the verdict, ruling as follows:
Having considered the pleadings, arguments of counsel, and the evidence presented at the trial of this matter, in the light most favorable to the defendant, this Court finds that the evidence points so strongly and overwhelmingly in favor of the plaintiffs that reasonable men could not have found that the State did not take or damage at least some of the plaintiffs' property. Accordingly, the jury verdict is hereby set aside.
After considering the law and the evidence, this Court finds that the defendant's actions caused a 130 foot strip of the plaintiffs' property to be taken out of commerce for an unreasonable length of time and deprived the plaintiffs of the use of the 130 foot strip of their property. This finding is based on: 1) the knowledge imparted to the public through the defendant's letters; 2) the defendant's prohibition through the Parish of construction permits; 3) defendant's purchase of eight parcels of commercial property along the intended right-of-way; and 4) the defendant's failure to formally announce its intentions about the project.
The trial court then assessed damages:
Although this Court has found that a portion of the plaintiffs' property was taken out of commerce for an unreasonable length of time, the plaintiffs failed to prove any damages with respect to the Coronado tract. The plaintiffs never attempted to develop the Coronado tract. Furthermore, the plaintiffs failed to show that they were unable to develop or fully utilize the Coronado tract due to the defendant's actions. Thus, no damages *396 will be awarded in connection with the Coronado tract.
However, the fact that the Lakewood tract was damaged is beyond question. The defendant's actions caused a 130 foot strip of the Lakewood tract to be rendered useless with no possibility of future development. If the defendant had not acted, the plaintiffs would not have offset their construction 130 feet because all of the constructed businesses require high visibility from a main road in order to be successful. Consequently, after offsetting their construction 130 feet, the plaintiffs are now prevented from building on that 130 foot strip because such action would block visibility to the existing businesses.
After considering the fact that there is no possibility for future development of the 130 foot strip and other relevant factors, this Court concludes that the plaintiffs should be awarded the full value of the 130 foot strip of property. Thus, based on $7.45 per square foot, for 100,568 square feet, the plaintiffs' damages are calculated to be $749,231.60; and accordingly,
IT IS ORDERED, ADJUDGED AND DECREED that judgment be entered in favor of plaintiffs, GREGORY CLAYTON and R. RENE BORDELON, in the true and full sum of SEVEN HUNDRED FORTY-NINE THOUSAND TWO HUNDRED THIRTY-ONE AND 60/100 ($749,231.60) DOLLARS, with legal interest from the date of judicial demand until paid, and against the defendant, STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
FURTHERMORE, IT IS ORDERED, ADJUDGED AND DECREED that all costs be assessed against the defendant and, as part of the costs of court, the plaintiffs are awarded a reasonable attorney's fee, based on the ten factors referred to in the Maynard case cited above, of SEVENTY FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS.
DOTD appealed, alleging that the trial court erred in granting the JNOV, in making use of an unreported case at the time of his decision State, DOTD v. Maynard, infra and in the huge amount of damages that he awarded.[2]
Plaintiff answered the appeal, and requested that damages and attorneys fees be increased.

ANALYSIS
It is elementary that where a case is tried by a jury, that jury is the trier of fact. LSA-C.C.P. art. 1736, Scott v. Hosp. Serv. Dist. No. 1, 496 So.2d 270 (La.1986). The granting of a JNOV abrogates this mandated and well established role of the jury and therefore such action by a trial judge must always be reviewed with great care and caution. Jinks v. Wright, 520 So.2d 792 (La.App. 3 Cir.1987).
LSA-C.C.P. art. 1811 sets forth the mechanics for a motion for judgment notwithstanding the verdict. It does not set forth the grounds on which a trial court may set aside a jury verdict. However, the criteria for granting a judgment notwithstanding the verdict have been well established by the courts of Louisiana:
A judgment N.O.V. may only be granted when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict on the facts at issue. Alumbaugh v. Montgomery Ward & Company, Inc., 492 So.2d 545 (La.App. 3d Cir.), writ denied 495 So.2d 304 (La.1986); Rougeau v. Commercial Union Insurance Company, 432 So.2d 1162 (La.App. 3d Cir.), writ denied, 437 So.2d 1149 (La.1983). Further, the trial court may not weigh the evidence, pass on the credibility of the witnesses, or substitute its reasonable inferences of the facts for those of the jury. Id. at *397 1166. As a reviewing court, we must determine whether the trial judge's judgment N.O.V. was manifestly erroneous. Robertson v. Penn, 472 So.2d 927 (La. App. 1st Cir.), writ denied, 476 So.2d 353 (La.1985).

Id., at 794.
A careful review of the record on appeal before us leaves us without any doubt that the trial court was guilty of manifest error and abused his discretion in granting the J.N.O.V. for the following reasons.
Plaintiff has been, from the date of purchase in 1983 and continuing through this lawsuit, in possession and owner of the property at issue. Plaintiff alleges that, although the State did not expropriate his property, its actions denied him use thereof, and constituted an "appropriation." The trial court, in granting plaintiff recovery, relied on the case of State, Dept. of Transp. v. Maynard, 565 So.2d 532, 535-536 (La.App. 4 Cir.1990), which held that damages could be recovered when the State's actions resulted in removing property from "commerce" for an unreasonable length of time. That case contained the following language:
It is now recognized that the Louisiana Constitution of 1974, Article 1, Section 4, effected substantial changes in expropriation law, requiring that a property owner in an expropriation proceeding be compensated `to the full extent of his loss.' Under this current provision, the property owner cannot be limited to receiving the market value of the property taken and the severance damages to his remainder; rather, such an owner must be put in as good a position pecuniarily as he would have been had his property not been taken. State, Through Dept. of Highways v. Champagne, 356 So.2d 1136 (La.App. 3rd Cir.1978); State, Through Dept. of Highways v. Constant, 359 So.2d 666 (La.App. 1st Cir.1978), affirmed and amended, 369 So.2d 699, 702 (La.1979).
The law as it stands now allows for compensation in areas that were not previously compensable. Based on this broadening of the constitutional requirements for measure of damages, the property owner must now be compensated for any economic loss sustained as a result of the taking upon adequate proof of such loss. Id., 359 So.2d at 672. Certainly, if a property owner establishes damages resulting from loss of use, such loss may be compensated. We therefore conclude that damages suffered from the loss of use of property which has been taken out of commerce for an unreasonable length of time by an impending expropriation are recoverable.
See also State, Through DOTD v. Chambers, Inc., Co., 576 So.2d 1174 (La.App. 3 Cir.1991).
The testimony at trial here showed that the project for widening Highway 90 never went further than a preliminary planning stage and that the project was never formally "designated." Plaintiff admitted that he was fully aware of the plans for the widening project when he purchased the property in May of 1983. DOTD did acquire, piecemeal, some property along Highway 90, however, these acquisitions were initiated by the owners of the property, and not the State. Furthermore, while the DOTD did send a letter in March, 1983 requesting the Parish of St. Charles to deny building permits, the State itself had no authority, statutory or otherwise, to deny building permits nor to require St. Charles Parish to do so. Plaintiff sought and obtained, on September 28, 1984, a writ of mandamus ordering the Parish to issue to him a building permit to build upon the 130 foot section. Plaintiff has fully utilized the remainder of the property, which has on it a hotel and restaurant currently in use. A bank was also in construction at the time of trial. In addition, plaintiff has utilized the property at issue for two driveways. Finally, other property owners along Highway 90 testified that they had utilized all their property including the 130 foot strip adjacent to the highway, without interference from the DOTD.
Accordingly, we find that plaintiff's property was not "out of commerce" for an unreasonable length of time or for any *398 time for that matter. Plaintiff subsequently chose not to build on that strip, alleging the "threat" of "future expropriation" which he obviously had full knowledge of when he purchased the property.
Apparently based on the above evidence, for the most part, the jury found that DOTD's actions did not cause plaintiff any damage. We find that this verdict is certainly not "clearly contrary to the evidence." In fact, it seems to be in complete accord with the evidence and indeed, a logical conclusion that could be drawn by reasonable men.
Accordingly, we hold that the trial court was clearly wrong or manifestly erroneous in granting the J.N.O.V. Therefore, this judgment must be vacated and that the trial court's original judgment rendered in conformity with the jury verdict, holding that plaintiff suffered no damages, be reinstated.
Plaintiffs, on appeal, also argue that, in the indeterminate future, when Highway 90 is widened, he will suffer further damages because he will be denied direct access to the highway. This claim is obviously premature and conjectural at this time being based upon a happening which may never occur and should not be considered until, and if, such damage does indeed occur.
Because we find that the trial court was clearly wrong in overturning the verdict of the jury, which found that plaintiff suffered no damages, we need not address the other two assignments of error urged by appellant, nor plaintiff's answer to the appeal alleging that the trial court erred in the amount of damages that it assessed.

DECREE
For the above discussed reasons, the judgment of the trial court finding that plaintiff suffered damages is vacated, annulled and set aside, and trial court's previous judgment, in conformity with the finding of the jury, is hereby reinstated and rendered in favor of defendant dismissing, with prejudice, plaintiff's suit against it. All costs of this appeal are assessed against plaintiff, Gregory Clayton.
J.N.O.V. VACATED, ANNULLED AND SET ASIDE; JUDGMENT AGAINST PLAINTIFF REINSTATED AND RENDERED.
NOTES
[1] The original record did not contain a judgment signed by the court which reduced the jury verdict of August 30, 1989 to judgment. By order of this Court the record was supplemented with a judgment signed by the trial court on January 16, 1992.
[2] The trial court granted defendant's motion for appeal, despite the fact that the trial court did not rule on the alternative motion for new trial, contrary to LSA-C.C.P. art. 1811. This Court issued a stay and ordered that the trial court rule on plaintiff's motion for new trial. On January 16, 1992, the trial court rendered judgment dismissing plaintiff's motion for new trial. A second order of appeal was signed on February 18, 1992.